[Cite as *St. Clairsville v. Jeffers*, 2016-Ohio-5574.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

CITY OF ST. CLAIRSVILLE,          )
)
    PLAINTIFF-APPELLEE,       )
)         CASE NO. 15 BE 0017
V.                      )
)         OPINION
WILLIAM H. JEFFERS,       )
)
    DEFENDANT-APPELLANT.   )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from Belmont County Northern Division Court of Belmont County, Ohio Case No. 14CRB00990 |
| JUDGMENT: | Affirmed |
| APPEARANCES: For Plaintiff-Appellee | No brief filed |
| For Defendant-Appellant | William Jeffers, Pro-se 199 Young Lane St. Clairsville, Ohio 43950 |

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: August 24, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, William Jeffers, appeals from a Belmont County Northern Division Court judgment convicting him of a violation of a St. Clairsville City Ordinance entitled "Loud Sound Amplifying Devices Prohibited."

{¶2} On October 24, 2014, St. Clairsville Patrolman David Arbenz responded to a complaint of loud music coming from appellant's address. Apparently, this was not the first complaint of loud music coming from appellant's address. Patrolman Arbenz indicated that he was going to cite appellant for violating the city's loud music ordinance.

{¶3} On November 20, 2014, Patrolman Arbenz filed a complaint in the Mayor's Court charging appellant with a violation of St. Clairsville City Ordinance 509.09, which provides:

No person operating or occupying a motor vehicle on a street, highway, alley, parking lot or driveway shall operate or permit the operation of any sound amplification system from within the vehicle so that the sound is plainly audible at a distance of sixty feet from the vehicle.

St. Clairsville City Ordinance 509.09(a). Appellant entered a plea of not guilty.

{¶4} The case was subsequently transferred to the Northern Division Court, which held a trial on the matter. The trial court found appellant guilty of violating the ordinance. It imposed a fine of $350 and ordered him to pay court costs of $95.

{¶5} Appellant filed a timely notice of appeal on April 3, 2015. The trial court granted appellant's motion for a stay of his sentence pending this appeal. Appellant, acting pro se, now raises three assignments of error.

{¶6} Appellant's first assignment of error states:

CITY OF ST. CLAIRSVILLE MAYOR'S COURT SUMMONED ME ON CHARGES THAT NEVER EXISTED ON OHIO UNIFORM INCIDENT REPORT- INCIDENT NUMBER-14-C684 DATED 10/24/2014 WHICH STATES ON PAGED [sic.] 2 THAT UNDER CHARGES FILED, N, MEANING NO. MAYOR, ROBERT VINCENZO

TRANSFERRED THIS CASE TO WESTERN DIVISION COURT TO JUDGE ERIC COSTINE. JUDGE ERIC COSTINE RECEIVED THE CASE THEN TRANSFERRED THE CASE TO NORTHERN DIVISION COURT STATING THE REASON OF TRANSFER WAS DUE TO A POTENTIAL CONFLICT OF INTEREST. THE THREE COURTS NEGLECTED TO NOTICE THAT NO CHARGES WERE FILED WHICH VIOLATED MY CIVIL RIGHTS OF DUE PROCESS IN THE COURTS OF LAWS OF THE UNITED STATES OF AMERICA.

{¶7} Appellant argues here that charges were never filed against him. He relies on a copy of the Ohio Uniform Incident Report and a copy of a police call log, which he asserts demonstrate that he was never charged in this case.

{¶8} The record contains a copy of an Ohio Uniform Incident Report dated October 24, 2014. The report lists the offense as "Noise Ordinance" and lists St. Clairsville Ordinance 509.09. The report contains appellant's name and address. The report contains a section labeled "Charges Filed?" This section contains two boxes that the officer can check. One box has a "Y" and the other box has an "N." The "N" box is checked on the report, which seems to indicate that no charges were filed at that time. Appellant relies on this "N" box in support of his argument here.

{¶9} But the report also contains a narrative by Patrolman Arbenz. In the narrative the patrolman states: "I advised Mr. Jeffers that I was citing him into Mayors Court for his loud music and that if he did not turn it off or down that he would face additional charges and that I would seize his stereo."

{¶10} And on November 20, 2014, Patrolman Arbenz filed a complaint in mayor's court alleging that on or about October 24, 2014, appellant violated St. Clairsville Ordinance 509.09.

{¶11} The only copy of a police call record report contained in the record is dated October 10, 2014. It documents a complaint to the St. Clairsville Police Department of appellant "blaring his music." The report indicates that Patrolman Arbenz responded to the complaint, brought appellant a copy of the loud noise

ordinance, and advised appellant to turn down his music. Thus, this call record does not pertain to the offense at issue. It deals with a different complaint made two weeks before the offense at hand.

{¶12} As can be seen from the record, appellant was properly charged in this case. Although the "N" box was checked on the incident report for charges filed, Patrolman Arbenz informed appellant that he was citing him in mayor's court for violating the loud noise ordinance. And the patrolman followed through and filed the complaint in mayor's court as he said he would. Additionally, the police call report that appellant relies on deals with a separate occurrence of police being called to his house due to his loud music. That time, the patrolman did not charge appellant but only gave him a warning and a copy of the ordinance.

{¶13} In sum, the record demonstrates that appellant was properly charged in this case with violating St. Clairsville City Ordinance 509.09.

{¶14} Accordingly, appellant's first assignment of error is without merit.

{¶15} Appellant's second assignment of error states:

> THE COMMITMENT AFTER CONVICTION AND SENTENCE TRIAL BEFORE NORTHERN DIVISION COURT STATES THAT THE DEFENDANT HAS BEEN TRIED AND FOUND GUILTY AND SENTENCED TO IMPRISONMENT IN THE BELMONT COUNTY JAIL FOR 7 DAYS COMMENCING ON 02/04 2015. THIS DOCUMENT WAS SCANNED AND SIGNED BY DONNA L. COTTAGE, CLERK/DEPUTY CLERK, BUT NOT TIME STAMPED, YET WAS MADE PART THE RECORD. I WAS TRIED AND FOUND GUILTY BEFORE THE COURT OF TRIAL SET FOR MARCH 6, 2015.

{¶16} During a February 4, 2015 motion hearing, appellant became quite argumentative with the court. After several admonitions, the court held appellant in contempt and ordered him to jail for three days. (Tr. 31). Appellant continued to argue with the court, so the court increased the jail term to seven days. (Tr. 31-32).

A filed-stamped judgment entry documenting the contempt is contained in the record. (February 4, 2015 Docket and Journal Entry). Two days later, at another hearing, the court suspended the five days remaining on the jail sentence. (Tr. 36).

{¶17} Appellant does not offer an argument in support of this assignment of error. From reading the assignment of error, it seems he is arguing that the trial court never filed a time-stamped judgment entry regarding his contempt.

{¶18} Appellant's complaint that there is no file-stamped judgment entry documenting his contempt is meritless. The record contains a filed-stamped judgment entry dated February 4, 2015, documenting the contempt.

{¶19} Accordingly, appellant's second assignment of error is without merit.

{¶20} Appellant's third assignment of error states:

ON THE DATE OF MARCH 6, 2015 THE COURT HAD ON RECORD 2 POLICE REPORTS ONE Λ'S [sic.] MARKED AS THEIR EXHIBIT 2, WHICH HAD NO TIME STAMP FOR FILING. THE COURT TOTALLY IGNORED THIS CALL RECORD REPORT DATED 10/24/2014, 20:00 HOURS IN WHICH IT WAS STATED, NOT COMPLETED AND INVESTIGATION CONTINUES. FURTHERMORE, THE OHIO UNIFORM INCIDENT REPORT COPY I RECEIVED DATED 10/24/2014 20:00 HOURS IN WHICH OFFICER ARBENZ, DAVID STATED NO CHARGES FILED ON THE OHIO UNIFORM INCIDENT REPORT PAGE 2 INCIDENT NUMBER 14 C684. ALSO ON THE CALL RECORD REPORT DATED 10/10/2014 18:38 HOURS, IN WHICH IT WAS STATED NO CHARGES FILED AS WELL.

{¶21} Appellant has not offered an argument in support of this assignment of error either. But reading the assignment of error, appellant makes the same argument here as in his first assignment of error.

{¶22} As discussed above, the call report dated October 10, 2014, does not relate to the incident giving rise to the violation at issue in this case. The incident at

issue in this case occurred on October 24, 2014. And also as discussed above, even though the check box on the October 24, 2014 incident report indicated that no charges were filed, Patrolman Arbenz informed appellant at the time of the incident that he was going to file a citation in mayor's court for appellant's violation of the loud noise ordinance. And Patrolman Arbenz followed through and filed the complaint.

**{¶23}** Accordingly, appellant's third assignment of error is without merit.

**{¶24}** For the reasons stated above, the trial court's judgment is hereby affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.